

19-2830-SAG

**AFFIDAVIT IN SUPPORT OF**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Roger Wilson, being first duly sworn, hereby depose and state as follows:

1. This affidavit is made in support of a criminal complaint and arrest warrant for Wilbur Earl PARKER (also known as Wilber Parker and Wilbert Parker) ("PARKER"), born in 1953, with a last known residence of 400 Camper Street, Cambridge, Maryland 21613, for a violation of 18 U.S.C. § 2250(a) (Failure to Register as a Sex Offender, pursuant to the Sex Offender Registration and Notification Act).

**AFFIANT IDENTITY AND EXPERTISE**

2. I am a Senior Inspector with the United States Marshals Service (USMS). I have been employed with the USMS for over 28 years. I am currently assigned as the Sex Offender Program Coordinator for the Mid-Atlantic Region for the Sex Offender Investigations Branch. Among my duties, I am responsible for investigating crimes involving individuals who are convicted sex offenders and have failed to register as required by Title 18, U.S.C. § 2250, the Sex Offender Registration and Notification Act ("SORNA").

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Since this affidavit is being submitted for the purpose of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable that PARKER has committed a criminal violation of 18 U.S.C. § 2250(a).

**PROBABLE CAUSE**

**PARKER IS REQUIRED TO REGISTER AS A SEX OFFENDER**

4. On June 10, 2004, PARKER was convicted of six counts of Indecent Liberties with a Child in the District Court for Cumberland County, North Carolina. He was sentenced to between 19 and 23 months imprisonment on each count, to be served concurrently. Based on this conviction, PARKER was required to register as a convicted sex offender in the state of North Carolina for a minimum of 10 years.

5. On December 2, 2004, while in the custody of the North Carolina Department of Corrections, PARKER completed and signed a "Notice of Duty to Register" form which provided instruction regarding Parker's responsibilities to register as a sex offender, following his release from prison. Following his release from the North Carolina Department of Corrections on December 6, 2004, PARKER moved from the state of North Carolina to the state of Maryland.

6. On December 16, 2004, PARKER completed his initial sex offender registration with the Dorchester County Maryland Sheriff's Office in Cambridge, Maryland. PARKER was advised of his duties and responsibilities to register as a sex offender and he signed the State of Maryland, "Notice of Sexual Offender Registration Requirements" form.

7. PARKER thereafter completed additional "Notice of Sex Offender Registration Requirements" forms from on or about 2005 through 2013, all in Maryland.

8. On February 8, 2010, PARKER was arrested by the Wicomico County Maryland Sheriff's Office and charged with the Maryland State criminal offense of Failure to Register as a Sex Offender in case # 4H00054275. This crime is punishable for up to three years in jail. On

April 2, 2010, PARKER was convicted in Wicomico County District Court of Failure to Register as a Sex Offender and he was sentenced to 30 days jail.

9. On May 13, 2013, PARKER signed his "Notice of Sex Offender Registration Requirements" form acknowledging his duties and responsibilities to register as a Tier III sex offender, which requires registration for life in the state of Maryland.

10. On or about May 29, 2013, PARKER moved from Maryland to the state of North Carolina and updated his sex offender registration with the Nash County North Carolina Sheriff's Office.

11. On August 18, 2014, PARKER was arrested by the Edgecombe County North Carolina Sheriff's Office and charged with Failure to Register as a Sex Offender, in violation of North Carolina law. On December 4, 2014, the Failure to Register charge against PARKER was dismissed on or about the same day that PARKER entered a guilty plea for Resisting Arrest, and he was sentenced to 45 days in jail.

12. On July 8, 2016, PARKER was arrested by the Nash County North Carolina Sheriff's Office and charged with Failure to Report a New Address as a Sex Offender. On April 3, 2017, the Failure to Report a New Address as a Sex Offender charge against PARKER was dismissed on or about the same day that PARKER entered a guilty plea to Obstruction of Justice, and he was sentenced to 165 days in jail to be followed by 3 years of supervised probation.

13. On December 27, 2018, PARKER updated his sex offender registration with the Nash County North Carolina Sheriff's Office and signed a "Sex Offender Change of Information" form. Parker provided an address of 4213 Sunset Avenue, Rocky Mount, NC, 27804 on his December 27, 2018 registration form. PARKER also signed a "Verification of

Information" form that states, "I certify my address information and all information provided on file is true and complete. I understand all my registration requirements." PARKER did not advise the Nash County North Carolina Sheriff's Office of his intent to move out of the State of North Carolina, nor did he advise them of his move to Maryland.

14. On May 2, 2019, the Nash County North Carolina Sheriff's Office obtained an arrest warrant charging PARKER with Failure to Report New Address as a Sex Offender on or about the offense date of January 4, 2019. The arrest warrant was entered into the National Crime Information Center (NCIC) database and has nationwide extradition.

15. SORNA requires that sex offenders provide notice and register their new place of residence, employment and education within three days of moving to a new residence. SORNA also requires sex offenders to register as required by law, for a period of 15 years to life, depending on the nature of their underlying sex offense conviction.

**PARKER TRAVELED IN INTERSTATE COMMERCE**

16. On or about August 6, 2019, the USMS received information that PARKER was living in the area of Cambridge, Maryland, and that he failed to register as a sex offender at his new residence. After further investigation, information was developed that PARKER was possibly living at 400 Camper Street, Cambridge, Maryland, 21613.

17. On August 8, 2019, I queried PARKER through the Maryland Judiciary Case Search website and found that on May 9, 2019, PARKER was named as a defendant in a civil proceeding in the District Court for Dorchester County, Maryland, in case # D021LT190000960, for failure to pay rent. The address listed in court documents regarding PARKER's failure to pay rent, was 400 Camper Street, Cambridge, Maryland, 21613.

18. On August 10, 2019, I and other law enforcement personnel arrested PARKER at 400 Camper Street, Cambridge, Maryland, pursuant to the outstanding Failure to Register arrest warrant, issued from Nash County, North Carolina.

19. On August 10, 2019, after waiving his *Miranda* rights, PARKER voluntarily provided a statement. Parker stated that he had a prior conviction in North Carolina, and that he previously registered as a sex offender in North Carolina and in Maryland. He stated that he travelled from North Carolina to Maryland sometime after Christmas of 2018. Parker stated that he had been living at the Camper Street apartment for approximately five months. When asked why he did not register as a sex offender after moving to Maryland, PARKER stated that a specific police officer in North Carolina told him that he did not have to register.

20. Further investigation revealed that the North Carolina police officer referenced by PARKER in his August 10, 2019 statement, is assigned to manage the sex offender registry in Nash County, North Carolina. This police officer is familiar with PARKER, and states that PARKER was not told that he did not have to register as a sex offender. On the contrary, the officer advised that under North Carolina law, PARKER is required to register as a sex offender for his lifetime, until such time as a North Carolina judge determines that PARKER's sex offender registration is no longer required.

21. Further investigation revealed that on or about March 8, 2019, PARKER signed a rental lease agreement with the property owner of 400 Camper Street, Cambridge, Maryland. In the rental agreement, PARKER agreed to pay the amount of $625.00 to rent the apartment each month.

## PARKER FAILED TO REGISTER IN MARYLAND

19. On August 10, 2019, I queried PARKER through the Maryland Online Sex Offender Registry (MOSOR) and determined that PARKER was not currently registered in the State of Maryland, and that there is no record of PARKER's submission regarding his move from North Carolina to Maryland in 2018 or 2019. On this same date, I contacted the Dorchester County Maryland Sheriff's Office, the law enforcement agency responsible for registration of a sex offender living in Cambridge, Maryland, and found that PARKER was not registered in Dorchester County Maryland.

## CONCLUSION

20. Based on the foregoing, I respectfully submit that there is probable cause to believe that beginning on a date unknown, on or about March 8, 2019, and continuing until on or about August 10, 2019, within the District of Maryland and elsewhere, PARKER, a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and knowingly failed to register as a sex offender as required by the Sex Offender Registration and Notification Act, in violation of Title 18, United States Code, Section 2250(a), that is, PARKER traveled in interstate commerce from North Carolina to Maryland and knowingly failed to register as a sex offender in Maryland.

Roger Wilson
Senior Investigator, U.S. Marshals Service

Subscribed and sworn to before me, this 30th day of August, 2019.

Honorable Stephanie A. Gallagher
United States Magistrate Judge